Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001024
31-MAR-2015
11:12 AM

NO. CAAP-12-0001024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HOVEY B. LAMBERT, TRUSTEE UNDER THAT HOVEY
B. LAMBERT TRUST, an unrecorded Revocable Living
Trust Agreement dated April 5, 2002, Plaintiff-Appellee,
v.
WAHA (k); PAHUPU (k); RAHELA KANIU; GEORGE KAKELAKA LUA;
CLARENCE LUA; ROSE DAVIDSON LUA; GEORGE LUA; ARDYS LUA;
KENNETH LUA; ELLEN LUA; DELARINE TEENEY, also known as
DELIRINE GALLAGHER; VIOLET LUA, also known as
VIOLET OHUMUKINI; ARTHUR OHUMUKINI; MELODY OHUMUKINI;
SIMEON LUA, also known as SIMEON LANI LUA;
MAKAHIWA K. LUA, JR.; DAWN K.T. WASSON; JOANNA THOMPSON;
HOWARD LUA, also known as HOWARD KEAWE LUA; TONI-SUE LUA;
JEREMY K. LUA; JOEL LUA; JENILYNNE LUA LONGI;
PATRICIA MALIA LUA MATAGI; GRAYCE DEAN; GERALDINE ROBERTS;
VICKIE PILI; FALEMA'O PILI; JAMES LUA;
PAULINE THORNTON, also known as PAULINE LUA; ROBERT LUA;
JANICE L. KAI; JEAN P. CARSON; LAURENCE LUA; MARGO HOWLETT;
ETUATE FĀ, also known as EDWARD FA;
JOELENE FA; MARIA LUA KAMAI, also known as MARAEA KAMAE;
LEONARD LUA; LORRAINE LUA; LEONARD R. LUA, JR.;
EVELYN MAKAVECKAS; HENRY KAMAE, JR.; KANE KAMAE;
KENNETH KAMAE; KLENNMEYER KAMAE, SR., HARRIET KAMAE;
KAY-VOLA SHANNON; KWEN-LYNN BRANDOW; CRAIG T. BRANDOW;
HAZEL LUA NEMOTO; LAWRENCE NAOKI NEMOTO;
LARYNELL NEMOTO-HUSEMANN, also known as GIGI GALDONES;
TYRONE GALDONES; HEIDI K. KELEOPAA; KIANA N H. JODELL;
LARRY N. NEMOTO, JR.; JAY H. NEMOTO; NORMA MURRAY;
DAWNE BALDERSON, also known as DONNA SMITH; MAUREEN HARDIN;
JOEL K. LUA; CYNTHIA LUA; SAMUEL LUA, also known as
SAMUEL MASAO LUA; CAROLYN LUA; ROBERT E. MASSEY;
DANIEL L. MASSEY; CAROL L. MASSEY; ROBIN ING; AMY DRUMMONDO;
MAILE VANAMAN, also known as MAILILEI VANAMAN;
GEORGE LUA, also known as GEORGE POOKELA LUA; KALLEN LUA;
INGRED MAILE; STRAIDE LUA; LANELL LUA; WARREN LUA;
ROSE KOLUANA LUA; THEMLA LUA, also known as THELMA WHITE,
also known as LANI WHITE; PROPERTY RESERVE, INC.;
ANA TEKIATA FINAU; LUCY LEIALOHA GIRELLI;

GEORGE NEHEMIA NIHIPALI, JR.; ROSEMARY MONTANO;
COLLEEN CARRIER; JEFFREY LUA; HARMONY ELAM; ELIZABETH BAL;
HYRUM K. YEE POONG; MARGARET-ANN LUA; MARIAN KAPANUI;
ANNETTE LAMM; SAFFIRE MAKAENA; ERICA MASSEY;
JUANITA KAHANU POST; KEINARD HANS POST; KEINARD K. POST;
WALTER SHANNON; GEORGE SHANNON; KATHLEEN SHANNON;
DEPARTMENT OF TAXATION OF STATE OF HAWAII;
UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE;
DEPARTMENT OF PLANNING AND PERMITTING, CITY AND COUNTY OF
HONOLULU; CHILD SUPPORT ENFORCEMENT AGENCY OF STATE OF HAWAII;
HAWAII PACIFIC FEDERAL CREDIT UNION; Defendants-Appellees,
and
LESIELI TEISINA, Defendant-Appellant,
and
PENISIMANI TEISINA, Intervenor-Appellant,
and
MALTBIE K. NAPOLEON, Party-In-Interest-Appellee,
and
DOE DEFENDANTS 24-80; AND ALL WHOM IT MAY CONCERN, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2529)


SUMMARY DISPOSITION ORDER
(By:  Foley and Fujise, JJ., with
Nakamura, C.J. concurring and dissenting separately)

The instant appeal arises from a dispute over two parcels of land in Lā'ie, O'ahu: Land Commission Award (**LCA**) Number 3741, Apana 4, within Tax Map Key (**TMK**) No. (1) 5-5-001-035 (the **Kuleana**); and a portion of LCA No. 8559:B, Apana 26, within TMK No. (1) 5-5-001-033 (**Parcel 33**).  Defendant-Appellant Lesieli Teisina (**Lesieli**) and her husband, Intervenor-Defendant/Appellant Penisimani Teisina (**Penisimani**) (together, the **Teisinas**) appeal from the October 25, 2012 "Order Granting Plaintiff's Motion to Allow Overbidding, to Confirm Sale, to Account For and Direct Reimbursement of Expenses and Attorneys' Fees and to Disburse Net Proceeds" (**Confirmation Order**), entered in the Circuit Court of the First Circuit[1] (**circuit court**) in favor of Plaintiff-Appellee Hovey B. Lambert (**Lambert**), "Trustee under the Hovey B. Lambert Trust, an unrecorded Revocable Living Trust Agreement dated April 5, 2002."

---

[1]  The Honorable Rhonda A. Nishimura presided.

The Confirmation Order incorporates by reference the circuit court's June 20, 2011 "Order Granting [Lambert's] Motion for Summary Judgment Regarding Partition and Title, Filed April 26, 2010" (**June 20, 2011 Order**); November 23, 2011 "Order Granting [Lambert's] Motion: (1) for Summary Judgment Against [Penisimani]; (2) for Determination of Interests, if any, of [the Teisinas] in House on Parcel 33; and (3) for Dissolution of the Court's Stay Entered August 24, 2011, Filed September 30, 2011" (**November 23, 2011 Order**); and February 23, 2012 "Order Granting in Part and Denying in Part Motion of [the Teisinas] to Vacate the Court's Order of November 23, 2011 To Sell Lot 33 Without the House and Improvements, Filed January 5, 2012" (**February 23, 2012 Order**).

On appeal, the Teisinas contend that the circuit court erred by:

(1) denying Lesieli's two motions to dismiss in its "Order Denying [Lesieli's] (1) Motion to Dismiss, Filed January 5, 2011, and (2) Motion to Dismiss Complaint for Failure to Name Indispensable Party, Filed January 11, 2011," filed March 22, 2011 (**March 22, 2011 Order**) and denying her motion for reconsideration of those two motions in its "Order Denying [Lesieli's] Motion for Reconsideration of Granting Summary Judgment, Denial of [Lesieli's] Motion to Dismiss Due to Indispensable Party and Motion to Dismiss, Filed March 7, 2011," filed May 4, 2011 (**May 4, 2011 Order**) because Lambert did not comply with an earlier court order requiring him to pay Penisimani $750;

(2) granting Lambert's January 3, 2011 motion for summary judgment in its June 20, 2011 Order and September 30, 2011 motion for summary judgment in its November 23, 2011 Order, because the Teisinas own a 10,000-square-foot portion of Parcel 33 rather than just the house on Parcel 33;

(3) denying the Teisinas' requests for a determination of "the value and use of the Teisinas' enhancement by the improvements on Parcel 33" in its: (i) February 23, 2012 Order; (ii) "Order Denying Motion of [the Teisinas] to 1) Reconsider the

3

Court's Order Filed February 23, 2012, Granting and Denying in Part Teisinas' Motion to Vacate the November 23, 2011 Order; 2) to Hold and [sic] Evidentiary Hearing on Teisinas' Enhancement of Parcel 33; and 3) For an Order Allowing Teisinas to Use Their Enhancement Value in Bidding at the Partition Sale of Parcel 33, Filed February 28, 2012" filed May 3, 2012 (**May 3, 2012 Enhancement Value Determination Order**); (iii) "Order Denying Motion of [the Teisinas] to Use the Enhancement Value of the Improvements on Parcel 33 in Lieu of a Supersedeas Bond" filed May 3, 2012 (**May 3, 2012 Supersedeas Bond Order**); and (iv) the Teisinas Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(b) motion to certify orders for appeal in its "Order Denying Motion of [the Teisinas] for an Order Pursuant to [HRCP Rule] 54(b) to Certify as Final 1) The [June 20, 2011 Order] ; 2) [November 23, 2011 Order]; 3) [February 23, 2012 Order]; 4) Order Filed May 3, 2012 Denying Teisinas' February 28, 2012 Motion for Reconsideration; 5) Order Filed May 3, 2012 Denying Teisinas' Motion to Use the Enhancement Value to Parcel 33 in Lieu of a Supersedeas Bond; and 6) May 3, 2012 Order Denying Teisinas' Motion for Stay Pending Appeal" filed June 14, 2012 (**June 14, 2012 Order**);

(4) awarding the Teisinas only $150,000 for enhancement value and then deducting Lambert's attorneys' fees and costs from that award in its Confirmation Order;

(5) denying the Teisinas' motion to disqualify Judge Nishimura in its "Order Denying [the Teisinas'] Motion to Disqualify Judge Rhonda Nishimura" filed August 6, 2012 (**August 6, 2012 Order**);

(6) refusing to award or deduct from Lambert's attorneys' fees and costs $26,296 for the Teisinas' attorneys' fees and costs in its Confirmation Order; and

(7) denying in part the Teisinas' motion to vacate the circuit court's November 23, 2011 Order in its February 23, 2012 Order, and denying the Teisinas' motion for stay pending appeal in its "Order Denying [the Teisinas'] Motion for Stay Pending Appeal, Filed October 31, 2011" filed May 3, 2012 (**May 3, 2012**

**Order Denying Motion for Stay**) because the Teisinas were entitled to have a jury determine (1) title to the 10,000 square foot portion of Parcel 33, and (2) the enhancement value for Parcel 33 resulting from the Teisinas' house and improvements.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm in part and vacate in part.

I.   **This court may review the circuit court's interlocutory orders because they were either incorporated by reference into the Confirmation Order, or preceded and are factually and legally intertwined with the Confirmation Order.**

Lambert contends that this court lacks jurisdiction over the following issues raised by the Teisinas' appeal because such issues were addressed in interlocutory orders that were not designated in the Teisinas' notice of appeal:

(1) whether Lambert's alleged non-compliance with Judge Sabrina S. McKenna's June 3, 2009 Order of Dismissal dismissing Civil No. 96-0859-03[2] (**McKenna's Order**) prohibited Lambert from filing his complaint for partition and quiet title to the Kuleana and Parcel 33 (**Complaint**), which was addressed in the March 22, 2011 Order and the May 4, 2011 Order;

(2) whether the Teisinas obtained title to Parcel 33 through adverse possession, which was addressed in the June 20, 2011 Order and November 23, 2011 Order;

(3) whether the circuit court erred in denying the Teisinas' motion to disqualify Judge Rhonda A. Nishimura, which was addressed in the August 6, 2012 Order; and

(4) whether constitutional due process violations occurred during various stages of the circuit court proceedings, violations which, according to the Teisinas, resulted from the March 22, 2011 Order; May 4, 2011 Order; June 20, 2011 Order;

---

[2]    Civil No. 96-0859-03 was filed by Lambert's mother, Elizabeth P. Lambert, as "Trustee Under That Unrecorded Living Trust Dated March 2, 1984, As Amended." Lambert was apparently substituted as plaintiff after Elizabeth Lambert passed away.

November 23, 2011 Order; February 23, 2012 Order; June 14, 2012 Order; May 3, 2012 Enhancement Value Determination Order; May 3, 2012 Supersedeas Bond Order; May 3, 2012 Order Denying Motion for Stay; August 6, 2012 Order; and the Confirmation Order.

With regard to issues addressed by the circuit court's June 20, 2011 Order, November 23, 2011 Order, and February 23, 2012 Order, Lambert's argument is without merit because these three orders were incorporated by reference into the Confirmation Order. For the reasons set forth below, Lambert's argument is also without merit with regard to the issues addressed by the circuit court's other interlocutory orders-the March 22, 2011 Order, May 4, 2011 Order, August 6, 2012 Order, June 14, 2012 Order, May 3, 2012 Enhancement Value Determination Order, and August 6, 2012 Order.

Lambert's reliance on Du Vall v. Lowes Companies, Inc., 278 F. App'x 399 (5th Cir. 2008), an unpublished case, is misplaced. In Du Vall, the extra-jurisdictional orders were filed after the plaintiff filed his notice of appeal and thus presents circumstances distinguishable from the Teisinas' appeal. Du Vall, 278 F. App'x at 400.

Lambert's reliance on Chun v. Bd. of Trustees of Employees' Ret. Sys. of State of Hawaii, 92 Hawai'i 432, 992 P.2d 127 (2000) is also misplaced. In Chun, the Hawai'i Supreme Court concluded that it lacked jurisdiction over the circuit court's denial of a motion to disqualify because the appellants failed to designate the order denying the motion in their notice of appeal. Chun, 92 Hawai'i at 447, 992 P.2d at 142. The Chun court explained that the appellants

> filed notices of appeal from (1) the circuit court's October 1, 1998 order granting the Board and the [Employees' Retirement System's (**ERS**)] motion to impose [Hawai'i Rules of Appellate Procedure (**HRAP**)] Rule 11 Sanctions . . . and (2) the circuit court's October 21, 1998 order granting . . . attorney's fees. The [appellants] did not file a notice of appeal from the circuit court's July 17, 1998 order denying their request to disqualify counsel[.]
>
> A post-judgment order is an appealable final order, pursuant to [Hawaii Revised Statutes] § 641-1(a) (1993), if the order finally determines the post-judgment proceeding. . . .

6

> Inasmuch as the circuit court's July 17, 1998 order
> determined the rights of the ERS to continue to
> retain . . . . its attorney, leaving nothing further to be
> accomplished on the issue, the order was final.
> Accordingly, the July 17, 1998 order was an appealable final
> order.
>
> The notice of appeal "shall designate the judgment,
> order[,] or part thereof appealed from." HRAP Rule 3(c)
> (1996). Inasmuch as [the appellants] did not, in either of
> their notices of appeal, designate the July 17, 1998 order
> as an order from which an appeal was being taken, they have
> not properly appealed it. Accordingly, we lack appellate
> jurisdiction over the propriety of the circuit court's
> refusal to disqualify [the attorney].

Id. at 447-48, 992 P.2d at 142-43 (emphasis omitted).

The Chun court noted, however, that the appellants' "argument that 'the motion to disqualify counsel, which was filed in the lower court, was part and parcel of the motion for attorney's fees' is without merit. The two motions raised distinct factual and legal issues, which were resolved in two separate orders." Id. at 448 n.11, 992 P.2d at 143 n.11 (emphasis added, brackets omitted). Although the Teisinas' contentions of circuit court error concern issues that were addressed in separate orders, the issues are factually and legally intertwined with those underlying the circuit court's Confirmation Order and therefore justice requires resolution of the issues raised but not properly appealed.

Lambert also contends that the Teisinas' appeal raises issues outside of the scope of those that fall within the Forgay doctrine, an exception to the separate judgment rule that was developed in Forgay v. Conrad, 47 U.S. 201 (1848). In Lambert v. Teisina, 131 Hawai'i 457, 319 P.3d 376 (2014), the Hawai'i Supreme Court held that the "Confirmation Order meets the requirements of appealability under the Forgay doctrine," but did not address which issues could be appealed by the Teisinas as part of their appeal from the Confirmation Order. Lambert, 131 Hawai'i at 462, 319 P.3d at 381. The supreme court explained that "the Forgay doctrine permits a direct appeal from a non-final, interlocutory order or decree that commands the immediate transfer of property, where the losing party will be subjected to undue hardship and irreparable injury if appellate review must wait until the final

7

outcome of the litigation." Id. at 461, 319 P.3d at 380. The supreme court further explained:

> Although the October 25, 2012 Confirmation Order does not command the immediate execution of the property to Trustee Lambert, the order confirms the sale to Trustee Lambert, directs the commissioner to convey the property to Trustee Lambert, and orders the Teisinas to surrender the property within 30 days of the conveyance. The Confirmation Order effectively terminates the Teisinas' rights to the property and they will suffer irreparable injury if appellate review is postponed until final judgment.

Id. at 462, 319 P.3d at 381.

It is consistent with the purpose of the Forgay doctrine for this court to address all of the Teisinas' contentions on appeal because the issues addressed by the interlocutory orders are intertwined with those addressed by the Confirmation Order and therefore not addressing them would result in delay that would cause the Teisinas to suffer undue hardship and irreparable injury.

We conclude that the Teisinas' contentions on appeal raise issues properly before this court.

## II.   The circuit court did not err in denying the Teisinas' motion to disqualify Judge Nishimura.

The Teisinas argue that the circuit court erred in denying their motion to disqualify Judge Nishimura because they submitted affidavits in good faith alleging that Judge Nishimura exhibited bias or prejudice against them and in favor of Lambert. The Teisinas argue, and the affidavits that they filed in support of their motion, allege that Judge Nishimura exhibited bias or prejudice by consistently ruling against them and in favor of Lambert. The Teisinas' argument is without merit.

Hawaii Revised Statutes (**HRS**) § 601-7(b) (1993) provides, in pertinent part:

> §601-7 Disqualification of judge; relationship, pecuniary interest, previous judgment, bias or prejudice.
>
> . . . .
>
> (b)   Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of

8

> any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. . . . [N]o affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith.

The Hawai'i Supreme Court has clarified that when considering an affidavit that alleges bias or prejudice

> pursuant to HRS § 601-7, a judge whose disqualification is sought must take the facts alleged as true, but can pass upon whether they are legally sufficient. . . . The reasons and facts for the belief the affiant entertains must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. . . .
>
> Bias cannot be premised on adverse rulings alone.

Arquette v. State, 128 Hawai'i 423, 447-48, 290 P.3d 493, 517-18 (2012) (citations, internal quotation marks, brackets, and ellipsis omitted).

The circuit court did not abuse its discretion in denying the Teisinas' motion to disqualify Judge Nishimura because their allegations that she consistently ruled adversely to them were insufficient to establish bias. Id.

## III. The circuit court's denial of Lesieli's two motions to dismiss did not constitute reversible error.

The Teisinas contend that the circuit court erred when it denied Lesieli's (1) January 5, 2011 motion to dismiss in its March 22, 2011 Order because Lambert did not pay $750 to Penisimani before commencing this second partition action in violation of McKenna's Order; and (2) January 11, 2011 motion to dismiss in its March 22, 2011 Order because Penisimani was an indispensable party.

### A. The circuit court did not err in denying Lesieli's January 5, 2011 motion to dismiss because Lambert did not name Penisimani in his complaint.

McKenna's Order required the Lambert trustee to pay $750 for Penisimani's "attorneys fees and costs as a precondition to filing a subsequent quiet title and partition action against

9

them concerning the Subject Property." In bringing the instant case, Lambert did not name Penisimani as a defendant because Lambert believed that Penisimani conveyed his interest in Parcel 33. McKenna's Order did not bar Lambert from filing his quiet title and partition action in the instant case because it was not filed against Penisimani. The circuit court did not err by refusing to dismiss the case on the basis of Lambert's alleged noncompliance with Judge McKenna's order.

> **B.     The circuit court did not err in denying Lesieli's January 11, 2011 motion to dismiss because the remedy for failure to join a necessary party is joinder, not dismissal.**

The circuit court did not err in denying Lesieli's January 11, 2011 motion to dismiss because dismissal was not the proper remedy for Lambert's failure to name Penisimani in his complaint. HRCP Rule 19 provides:

> **Rule 19.     JOINDER OF PERSONS NEEDED FOR JUST ADJUDUCATION.**
>
> **(a) Persons to be joined if feasible.** A person who is subject to service of process <u>shall be joined as a party in the action if</u> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. <u>If the person has not been so joined, the court shall order that the person be made a party</u>. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.
>
> **(b) Determination by Court Whenever Joinder Not Feasible.** <u>If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable</u>. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(Emphases added.)

10

HRCP Rule 19

> is divided into two sections, and . . . typically follows
> two steps. . . . First, the court must determine whether an
> absent party should be joined if feasible according to the
> factors listed in subsection (a). Second, if the party
> meets the requirements under subsection (a) but it is not
> feasible to join the party to the lawsuit, the court must
> proceed to [HRCP] Rule 19(b) to determine whether it may
> decide the case without the nonparty. If the court must
> dismiss the lawsuit rather than moving forward without the
> absent party, the nonparty is labeled "indispensable."

Marvin v. Pflueger, 127 Hawai'i 490, 499, 280 P.3d 88, 97 (2012)
(footnotes and internal citations omitted).

Penisimani was a "person to be joined if feasible"
under HRCP Rule 19(a). Because the circuit court did not order
he be joined, it did not determine whether or not it was feasible
to join him under step one as set forth by HRCP Rule 19(a),[3] and
therefore could not determine indispensibility under step two as
set forth by HRCP Rule 19(b). Marvin, 127 Hawai'i at 499, 280
P.3d at 97. The circuit court did not err in denying Lesieli's
motion to dismiss because Penisimani was not an indispensable
party.

With regard to the circuit court's denial of Lesieli's
motion for reconsideration of her two motions to dismiss in its
May 4, 2011 Order, the court did not abuse its discretion because
Lesieli presented no "new evidence and/or arguments that could
not have been presented during the earlier adjudicated
motion[s]." Ass'n of Apartment Owners of Wailea Elua v. Wailea
Elua Resort Co., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002).

## IV. The circuit court erred in granting Lambert's motions for summary judgment.

> Summary judgment is appropriate if the pleadings,
> depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any, show that there
> is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law. A
> fact is material if proof of that fact would have the effect
> of establishing or refuting one of the essential elements of
> a cause of action or defense asserted by the parties. The
> evidence must be viewed in the light most favorable to the
> non-moving party. In other words, we must view all of the

---

[3] Because Penisimani became an intervenor at a later stage in the litigation, we conclude that it was feasible to join her prior to ruling on summary judgment.

evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008) (brackets omitted) (quoting Kahale v. City & Cnty. of Honolulu, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004)).

**A. The circuit court erred in granting Lambert's "Motion for Summary Judgment Regarding Partition and Title [to Parcel 33]" filed January 3, 2011 (Lambert's First MSJ) because Lesieli's interest in Parcel 33 was a genuine issue of material fact.**

The Teisinas contend that the circuit court erred in granting Lambert's First MSJ in its June 20, 2011 Order and "Motion: (1) For Summary Judgment Against [Penisimani]; (2) For Determination of Interests, If Any, of [the Teisinas] in House on Parcel 33; and (3) For Dissolution of the Court's Stay Entered August 24, 2011" filed September 30, 2011 (**Lambert's Second MSJ**) in its November 23, 2011 Order because (1) a quitclaim deed from Peter Lua to the Teisinas (**Lua quitclaim deed**) conveyed a 10,000 square foot portion of Parcel 33 to the Teisinas "as tenants by the entirety as husband and wife," and (2) the Teisinas gained ownership of Parcel 33 by adverse possession. Lambert argues that the circuit court did not err in granting his motions for summary judgment because the Teisinas did not establish adverse possession.

Quiet title and partition is appropriate only when the plaintiff-movant establishes that his title is superior to that of the defendant. See Alexander & Baldwin, Inc. v. Silva, 124 Hawai'i 476, 482, 248 P.3d 1207, 1213 (App. 2011) (holding that when both parties put forth evidence of title, the court must determine "which party has title superior to that of the other party" because a defendant's superior title prevents the plaintiff from quieting title) (citing Harrison v. Davis, 22 Haw. 465, 466 (Haw. Terr. 1915)). In addition to establishing superior title, the plaintiff-movant must also show "that there is no genuine issue of material fact regarding the

defendant-claimant's interest[.]" <u>Alexander & Baldwin</u>, at 485, 248 P.3d at 1216.

In the instant case, the parties do not dispute that Lambert has superior title, but they do dispute Lesieli's interest in Parcel 33.

Lambert's First MSJ argued that the "Consolidation, Co-Tenancy and Subdivision Agreement" (**Co-Tenancy Agreement**),[4] which was entered into by Lambert's mother, Elizabeth, and Lua on April 18, 1986, was void due to fraud on the part of Lua and therefore Lua owned "only a 3/2912 interest in Parcel 33, which calculates to approximately 103.9 square feet" and Lesieli had a 3/5824 interest in Parcel 33 rather than title to a 10,000 square foot portion of Parcel 33. Lambert's First MSJ included a Certificate of Title stating that Lua inherited his interest in Parcel 33 from his father in 1986 and conveyed a 10,000 square foot portion of Parcel 33 to the Teisinas in 1991. Lambert's First MSJ also included Lambert's declaration that the Co-Tenancy Agreement was induced by fraud on the part of Lua and therefore void.

In her opposition to Lambert's First MSJ, Lesieli contended, inter alia, that the parties disputed "the footage amount and title of property ownership belonging to [Lesieli]" and whether Lesieli owned her portion of Parcel 33 through adverse possession. Lesieli argued that she and Penisimani "purchased the 10,000 [square foot portion] of Parcel 33 in 1991 as husband and wife, joint tenants[,]" and acquired the property by adverse possession because she and Penisimani had "been in open, exclusive, continuous, hostile and notorious possession of the property since 1991[.]" Lesieli supported her opposition with a copy of the Lua quitclaim deed.

---

[4] The Co-Tenancy Agreement provided that Elizabeth P. Lambert (**Elizabeth**) owned 43% (0.856 acres) and Peter K. Lua, Sr. (**Lua**) owned 57% (1.144 acres) of Parcel 33 as cotenants. The Co-Tenancy Agreement further provided that a surveyor determined Parcel 33 to consist in 2.565 acres and therefore agreed to divide their ownership of the surveyed land according to their co-tenancy interests; "therefore [Elizabeth's] portion shall be equal to 1.103 acres (43% of 2.565 acres) and [Lua's] portion shall be equal to 1.462 acres (57% of 2.565 acres)."

In its June 20, 2011 Order granting Lambert's First MSJ, the circuit court concluded that Lambert had a "6769/10976" undivided interest in Parcel 33 and that Lesieli had a "3/5824" undivided interest in Parcel 33. The circuit court also concluded that the Co-Tenancy Agreement was void and therefore had no effect on the conveyance of Parcel 33.

Viewing the evidence in a light most favorable to Lesieli, we hold that the circuit court erred in granting Lambert's First MSJ because Lesieli's interest in Parcel 33 was a genuine issue of material fact. Nuuanu Valley Ass'n, 119 Hawai'i at 96, 194 P.3d at 537. Whether Lesieli has title to 10,000 square feet of Parcel 33 or a 3/5824 interest in Parcel 33 was an issue of fact to be determined at trial, not on summary judgment.

We also hold that Lesieli's argument that she acquired the 10,000 square foot portion of Parcel 33 by adverse possession is without merit because she has not established possession for the required twenty-year period. See HRS § 669-1(b) (1993) (providing that an action to establish "title to a parcel of real property of five acres or less may be brought by any person who has been in adverse possession of the real property for not less than twenty years"). Lesieli alleged that she lived on the property since 1991 and the Complaint was filed in 2009.

We also hold that the circuit court also erred in ruling on Lambert's First MSJ because Penisimani was not yet a party to the suit, was a person to be joined if feasible under HRCP Rule 19(a), and the circuit court had not ordered he be joined. Disposition of the issue of whether Penisimani had any interest in Parcel 33 was necessary to determine Lesieli's interest in Parcel 33 because Lesieli claimed that she and Penisimani acquired a 10,000 square foot portion of Parcel 33 as tenants in common, husband and wife, through the Lua quitclaim deed. Because Penisimani was not a party when the circuit court ruled on Lambert's First MSJ, he did not have the opportunity to protect his alleged interest in Parcel 33. Under HRCP Rule 19(a), the circuit court should have ordered Lambert to join Penisimani as a party. This error, however, was harmless because

14

Penisimani subsequently intervened and represented his alleged interest in Parcel 33 while opposing Lambert's Second MSJ.

We therefore vacate the portion of the circuit court's June 20, 2011 Order that ruled on Lesieli's interest in Parcel 33. The remainder of the circuit court's June 20, 2011 Order is affirmed.

### B. The circuit court erred in granting Lambert's Second MSJ because Penisimani's interest in Parcel 33 was a genuine issue of material fact.

In his Second MSJ, Lambert contended that Penisimani conveyed all of his interest in Parcel 33 "to Etuate Sinilau Fa aka Edward Sinilau Fa and Joelene Noelani Cazimero Fa" (**the Fas**) when he attempted to convey 0.023 acres (1,001.88 square feet) by quitclaim deed recorded on March 21, 1997 (**Fa quitclaim deed**) because pursuant to the circuit court's June 20, 2011 Order, Penisimani only owned 51.95 square feet. In his opposition to Lambert's Second MSJ, Penisimani contended that he owned 10,000 square feet of Parcel 33 as tenants by the entirety with Lesieli. In support of his opposition, Penisimani filed his October 12, 2011 declaration, the August 31, 2011 affidavit of Peter Lua, and other supporting declarations and exhibits. In its November 23, 2011 Order, the circuit court ruled that Penisimani "has no title or interest in [Parcel 33]." At the October 25, 2011 hearing on Lambert's Second MSJ, the circuit court stated that Lua's declaration that he sold Parcel 33 to the Teisinas as husband and wife would not "change the court's mind regarding what was his intent because . . . it doesn't say tenants by the entirety on the deed itself." The circuit court further stated that Lua's declaration was not admissible evidence by which the Teisinas could "raise a genuine issue of material fact as to title."

Viewing the evidence in a light most favorable to Penisimani, we hold that the circuit court erred in granting Lambert's Second MSJ because Penisimani's interest in Parcel 33 was a genuine issue of material fact. Nuuanu Valley Ass'n, 119 Hawai'i at 96, 194 P.3d at 537. In other words, the parties dispute whether Penisimani and Lesieli acquired a 10,000 square

foot portion or a 103.9 square foot portion of Parcel 33 and this disputed fact is material to the determination of Penisimani's current interest, if any, in Parcel 33. Penisimani's interest in Parcel 33 was an issue of fact to be determined at trial, not on summary judgment.

We therefore vacate the portion of the circuit court's November 23, 2011 Order that ruled on Penisimani's interest in Parcel 33. The remainder of the circuit court's November 23, 2011 Order is affirmed.

**V.    The Teisinas fail to present discernable arguments with regard to their contentions that the circuit court erred (1) in the timing and amount of its enhancement value determination and (2) by not having a jury determine title and enhancement value.**

The Teisinas contend that the circuit court erred in ordering the sale of Parcel 33 before determining the enhancement value of the house built by them on Parcel 33. The Teisinas also contend that the circuit court erred in assessing an enhancement value of only $150,000 because the house allegedly had an appraised value of $393,000 and the Teisinas allegedly spent at least $350,000 building the house. The Teisinas provide no support for these contentions.

The Teisinas also contend that the circuit court erred in denying their motion to vacate its November 23, 2011 Order in its February 23, 2012 Order, and their motion for stay pending appeal in its May 3, 2012 Order Denying Motion for Stay. The Teisinas contend they were entitled to have a jury determine (1) title to the 10,000 square foot portion of Parcel 33, and (2) the enhancement value for Parcel 33 resulting from the Teisinas' house and improvements. To support this contention, the Teisinas cite HRS § 668-8 (1993), the Seventh Amendment of the United States Constitution, and section 13 of the Hawai'i Constitution. Lambert argues that the Teisinas waived their right to a jury trial by not demanding a jury trial.

The Teisinas' contentions are not supported by discernable arguments and therefore deemed waived. Int'l Sav. and Loan Ass'n, Ltd. v. Carbonel, 93 Hawai'i 464, 473, 5 P.3d

454, 463 (App. 2000) ("An appellate court need not address matters as to which the appellant has failed to present a discernible argument."); Hawai'i Rules of Appellate Procedure Rule 28(b)(7)&(8) (providing that the appellant's opening brief must include reasons for the appellant's contentions, cite authorities in support of the reasons, and quote the authorities when appropriate).

**VI.  The circuit court's attorneys' fees and costs determinations relative to the parties' interests in Parcel 33 were dependent on its erroneous grants of summary judgment.**

The Teisinas argue that the circuit court erred in awarding Lambert $58,479.13 in attorneys' fees and costs and deducting that amount from the Teisinas' enhancement value award because Lambert "owns about 61.67% of [Parcel 33 and the Kuleana], so he should pay his own share of his own attorneys' fees and costs."  The Teisinas also argue that the circuit court erred in refusing "to award the Teisinas their requested attorney's fees and costs of about $26,296" "on the enhancement issue per HRS § 668-17 [(1993])."

In partition cases, costs are generally "apportioned between the parties according to their respective interests" because "all parties to the suit are presumed to be proportionately benefited [sic] by all of the steps in which costs are incurred."  Lalakea v. Laupahoehoe Sugar Co., 35 Haw. 262, 298 (Haw. Terr. 1939).  "HRS § 668-17 applies to attorney's fees and costs incurred pursuant to a quiet title action which is necessary to the accomplishment of a partition proceeding."  Kealamakia v. Heirs of Kamoehalau, 68 Haw. 429, 430, 717 P.2d 516, 518 (1986).  HRS § 668-17 provides, in pertinent part:

> **§668-17 Costs.**  All costs of the proceedings in partition shall be paid by the plaintiff in the first instance, but eventually by all of the parties in proportion to their interests[.]  . . . In addition to costs of the proceeding the judge may allow any fee or fees for legal services rendered by the attorneys for any of the parties, and apportion the same for costs for payment by and between the parties or any of them, all as to the judge shall seem equitable in the light of the services performed and the benefits derived therefrom by the parties, respectively.

The circuit court's Confirmation Order incorporated by reference its June 20, 2011 Order and its November 23, 2011 Order. The circuit court concluded that

> 13. Given that the Court has found that the Teisinas' house is worth $150,000.00 of the confirmed $425,000.00 purchase price of Parcel 33 (i.e., approximately 35% of the purchase price), it is appropriate that the Teisinas' house bear 150/425ths of the fees and costs incurred in this partition as attributed to Parcel 33 and that the land comprising Parcel 33 bear 275/425ths of the fees and costs incurred in this partition as attributed to Parcel 33.

The circuit court ordered the Teisinas to pay $58,479.13 in attorneys' fees and costs relative to their $150,000 enhancement value award, and Lambert to pay $66,118.46 and Lesieli to pay $55.23 in attorneys' fees and costs relative to their interests in Parcel 33. Accordingly, the circuit court did not abuse its discretion in awarding attorneys' fees and costs because it based its determinations on the parties respective interests in Parcel 33. However, because the circuit court's June 20, 2011 Order and November 23, 2011 Order are vacated in part on account of the Teisinas' interests in Parcel 33 equating to genuine issues of material fact, the Confirmation Order must also be vacated in part with regard to the attorneys' fees and costs determinations that relied on the court's determination of the parties' respective interests in Parcel 33.

Therefore,

IT IS HEREBY ORDERED that the following orders of the Circuit Court of the First Circuit are affirmed:

(1) "Order Denying Defendant Lesili [sic] Teisina's (1) Motion to Dismiss, Filed January 5, 2011, and (2) Motion to Dismiss Complaint for Failure to Name Indispensable Party, Filed January 11, 2011," filed March 22, 2011;

(2) "Order Denying Defendant Lesili [sic] Teisina's Motion for Reconsideration of Granting Summary Judgment, Denial of Defendant Teisina's Motion to Dismiss Due to Indispensable Party and Motion to Dismiss, Filed March 7, 2011," filed May 4, 2011;

18

(3) "Order Denying Motion of Defendant Lesieli Teisina and Intervenor Penisimani Teisina to 1) Reconsider the Court's Order Filed February 23, 2012, Granting and Denying in Part Teisinas' Motion to Vacate the November 23, 2011 Order; 2) to Hold and [sic] Evidentiary Hearing on Teisinas' Enhancement of Parcel 33; and 3) for an Order Allowing the Teisinas to Use Their Enhancement Value in Bidding at the Partition Sale of Parcel 33, Filed February 28, 2012" filed May 3, 2012;

(4) "Order Denying Defendant Lesieli Teisina's and Intervenor Teisina's Motion for Stay Pending Appeal, Filed October 31, 2011" filed May 3, 2012;

(5) "Order Denying Motion of Lesieli Teisina and Intervenor Penisimani Teisina for an Order Pursuant to Rules 54(b) to Certify as Final 1) The June 20, 2011 Order Granting Summary Judgment on Partition and Title; 2) November 23, 2011 Order Order Granting Plaintiff's Motion For Summary Judgment against the Intervenor Teisina Determining the Interests of Teisinas in the House on Parcel 33, and for Dissolution of the Court's Stay Order of August 24, 2011; 3) February 23, 2012 Order Granting and Denying Teisinas' Motion to Vacate the November 23, 2011 Order to Sell Lot 33 Without the House and Improvements; 4) Order Filed May 3, 2012 Denying Teisinas' February 28, 2012 Motion for Reconsideration; 5) Order Filed May 3, 2012 Denying Teisinas' Motion to Use the Enhancement Value to Parcel 33 in Lieu of a Supersedeas Bond; and 6) May 3, 2012 Order Denying Teisinas' Motion for Stay Pending Appeal" filed June 14, 2012; and

(6) "Order Denying Defendant Lesieli Teisina and Intervenor Penisimani Teisina's Motion to Disqualify Judge Rhonda Nishimura" filed August 6, 2012.

It is FURTHER ORDERED that the following orders entered in the Circuit Court of the First Circuit are vacated in part and affirmed in part, and this case is remanded for proceedings consistent with this order:

(1) "Order Granting Plaintiff's Motion for Summary Judgment Regarding Partition and Title, Filed April 26, 2010" filed June 20, 2011;

(2) "Order Granting Plaintiff's Motion: (1) for Summary Judgment Against Intervenor Penisimani Teisina; (2) for Determination of Interests, if any, of Intervenor Penisimani Teisina and Defendant Lesieli Teisina in House on Parcel 33; and (3) for Dissolution of the Court's Stay Entered August 24, 2011, Filed September 30, 2011" filed November 23, 2011; and

(3) "Order Granting Plaintiff's Motion to Allow Overbidding, to Confirm Sale, to Account For and Direct Reimbursement of Expenses and Attorneys' Fees and to Disburse Net Proceeds" filed October 25, 2012.

DATED:   Honolulu, Hawai'i, March 31, 2015.

On the briefs:

R. Steven Geshell
for Defendant-Appellant
Lesieli Teisina and
Intervenor-Appellant
Penisimani Teisina.

Associate Judge

Maltbie K. Napoleon
Party-In-Interest-Appellee
pro se.

Associate Judge

Henry F. Beerman
for Defendant-Appellee
Patricia Chinn.

Philip J. Leas
W. Keoni Shultz
Kaliko'onalani D. Fernandes
(Cades Schutte)
for Plaintiff-Appellee Hovey
B. Lambert, Trustee under
That Hovey B. Lambert Trust,
an unrecorded Revocable
Living Trust Agreement
dated April 5, 2002.